UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| BRIAN S. ROBINSON,<br><br>       Plaintiff,<br>  v.<br>HOMETOWN HEALTH CARE, *et al.*,<br><br>       Defendants. | Case No. 3:20-cv-00683-MMD-WGC<br><br>ORDER |

**I. INTRODUCTION**

Plaintiff Brian S. Robinson, who is incarcerated in the custody of the Nevada Department of Corrections ("NDOC"), has submitted a civil rights complaint under 42 U.S.C. § 1983 and has filed an application to proceed *in forma pauperis*. (ECF Nos. 1-1, 4.) Plaintiff has also filed two identical motions for a preliminary injunction and temporary restraining order ("the Motions"). (ECF Nos. 5, 6.) The Court will deny the Motions.

**II. DISCUSSION**

Injunctive relief, whether temporary or permanent, is an "extraordinary remedy, never awarded as of right." *Winter v. Nat. Res. Def. Council*, 555 U.S. 7, 24 (2008). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Am. Trucking Ass'ns, Inc. v. City of L.A.*, 559 F.3d 1046, 1052 (9th Cir. 2009) (quoting *Winter*, 555 U.S. at 20). Furthermore, "[a] court's equitable power lies only over the merits of the case or controversy before it. When a plaintiff seeks injunctive relief based on claims not pled in the complaint, the court does not have the authority to issue an injunction." *Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 633 (9th Cir. 2015).

In his Motions, Plaintiff alleges that he has had a full gastrectomy (stomach removal), which requires special medications and dietary supplements. (ECF Nos. 5, 6 at 3.) Plaintiff further alleges that he is not receiving appropriate treatment, and that he could die as a result. (*Id.*) Plaintiff also alleges that he is not receiving treatment for ongoing dental problems. (*Id.* at 4.) But these allegations do not appear in the Complaint.

The Complaint deals primarily with Plaintiff being incorrectly diagnosed with stage IV cancer and being placed in hospice care. (ECF No. 1-1 at 6-10.) The Complaint does not include any claims about Plaintiff's gastrectomy. (*Id.*) While the Complaint alleges that four of Plaintiff's teeth were unnecessarily pulled while Plaintiff was in hospice care, it does not include any claims based on his ongoing dental problems. (*Id.*)

Because Plaintiff's Motions seek relief based on claims not pled in the Complaint, the Court does not have the authority to grant Plaintiff's Motions. *See Pac. Radiation Oncology*, 810 F.3d at 633. Accordingly, Plaintiff's motions for a preliminary injunction and temporary restraining order (ECF Nos. 5, 6) are denied without prejudice.

The Court notes that if Plaintiff wishes to pursue claims related to his gastrectomy and his ongoing dental issues, he may file a new complaint in a new case bringing those claims. Plaintiff may then file a motion for injunctive relief in that case. The Court expresses no opinion regarding the merits of Plaintiff's claims relating to his gastrectomy and his ongoing dental problems or the likelihood of success on any motion for a preliminary injunction in a new case.

The Court also notes that Plaintiff's Complaint in this case (ECF No. 1-1) is in line for screening. The screening process will take several months, and Plaintiff's Complaint will be screened based on the order in which was received.

**III. CONCLUSION**

For the foregoing reasons, it is ordered that Plaintiff's motions for a preliminary injunction and temporary restraining order (ECF Nos. 5, 6) are denied.

///

///

The Clerk of the Court is directed to send Plaintiff the approved form for filing a § 1983 complaint, instructions for the same, and a copy of Plaintiff's motion for a preliminary injunction (ECF No. 5). If Plaintiff wishes to pursue claims related to his gastrectomy and his ongoing dental issues, he may file a new complaint in a new case bringing those claims.

It is further ordered that the Court will screen Plaintiff's Complaint in this case in a separate order. The Complaint will be screened based on the order in which it was received.

DATED THIS 13th Day of January 2021.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE